**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOHN J. CRUMITY, a.k.a.
JOHN JEROME CRUMITIE,[1]**

    Petitioner,

vs.                                                          Case No. 4:05cv463-RH/WCS

**JAMES V. CROSBY,**

    Respondent.

_____/

**REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION**

This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and supporting memorandum of law. Docs. 1 and 2. Petitioner paid the filing fee. Petitioner challenges his conviction and life sentence out of the Circuit Court in and for Jefferson County.

---

[1] The surname Crumitie appears in the style of the petition, but Crumity appears in the style of the memorandum. Docs. 1 and 2 (first pages). The former spelling appears in the Florida case on appeal (cited *infra*), and the opinion in Crumitie v. State, 842 So.2d 217 (Fla. 1st DCA 2003). The court uses the latter spelling, which appears on the web site for the Department of Corrections, under Petitioner's inmate number.

There is a one year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates.[2]

The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. § 2244(d)(2). The time period may be equitably tolled, but only on a showing of "both extraordinary circumstances and due diligence." Diaz v. Secretary for Dep't of Corrections, 362 F.3d 698, 701 (11th Cir. 2004) (also noting that, "[b]ecause of the difficult burden, this Court has rejected most claims for equitable tolling.") (collecting cases).

Petitioner's conviction was affirmed on direct appeal. Doc. 1, p. 2; Crumitie v. State, 698 So.2d 840 (Fla. 1st DCA 1997) (Table) (dated August 12, 1997). He did not file a petition for writ of certiorari (doc. 1, p. 2), and his conviction became final on November 10, 1997, when the 90 days for seeking certiorari expired. Clay v. United States, 537 U.S. 522, 525-527, 123 S.Ct. 1072, 1075-76, 155 L.Ed.2d 88 (2003) (conviction is final when the time for seeking certiorari expires; under S.Ct. Rule 13(3) the 90 days for filing runs from the date of the order and not the mandate) (citations

---

[2] The limitations period runs from the latest of specified dates, which also include (in addition to that quoted above): the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was initially recognized by the Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered by due diligence. § 2244(d)(1)(A)-(D). There is no support for application of a later date in the petition or memorandum.

omitted).  Petitioner had one year from that date to either file a § 2254 petition in this court or properly file an application in state court to toll the period under § 2244(d)(2).

Petitioner filed a Fla.R.Crim.P. 3.850 motion on March 19, 1999.  Doc. 1, p. 2. This was within the two years allowed by Florida law, but after the one year limitations period of § 2244(d) had already expired.  There was no time remaining to toll, and the § 2254 petition is untimely.  Tinker v. Moore, 255 F.3d 1331, 1333-35 and n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) (also involving a Florida prisoner who timely filed a Rule 3.850 motion within the two years allowed by that rule, but the one year of § 2244(d) had already expired);[3] Jackson v. Secretary for the Dep't of Corrections, 292 F.3d 1347, 1348-49 (11th Cir. 2002) (*citing* Tinker on this point; holding that timeliness may be raised *sua sponte*).

It is therefore respectfully **RECOMMENDED** the § 2254 petition, challenging Petitioner's conviction and life sentence out of the Circuit Court in and for Jefferson County, be **SUMMARILY DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on January 13, 2006.

       S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The court "remind[ed] petitioners that a properly and timely filed petition in state court *only tolls the time remaining* within the federal limitation period.").  255 F.3d at 1335, n. 4 (emphasis added).

Case No. 4:05cv463-RH/WCS

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 4:05cv463-RH/WCS